**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 10-cr-00129-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. DOMINIC D. STEWART, and
2. JAMES DUCKETT,

    Defendant.

**ORDER DENYING MOTIONS TO DISMISS
(Pre-Indictment Delay)**

**Blackburn, J.**

On August 26, and September 14, 2011, the following motions came before me for hearing: (1) **James Duckett's Motion To Dismiss Due To Delay in Indictment** [#141][1] filed January 31, 2011; and (2) **Dominic Stewart's Motion To Dismiss - Pre-Indictment Delay** [#148] filed February 1, 2011. I deny both motions.

Both motions seek the entry of an order dismissing the indictment for alleged pre-indictment delay in violation of the right to due process under the Fifth Amendment. Having judicially noticed all relevant adjudicative facts in the file and record of this action, having considered carefully the evidence presented, having considered all reasons stated, arguments advanced, and authorities cited by the parties in their papers and during the hearings, I enter the following findings of fact, conclusions of law, and

---

[1] "[#141]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

orders.

The apposite legal standard is clearly established. To determine whether pre-indictment delay rises to the extraordinary level warranting dismissal, a defendant must prove two things by a preponderance of the evidence: (1) that the delay caused actual and substantial prejudice to the defendant, and (2) that the government delayed intentionally to gain a tactical advantage. *United States v. Marion*, 404 U.S. 307, 324 (1971); *United States v. Johnson*, 120 F.3d 1107, 1110 (10th Cir. 1997); *United States v. Comosona*, 848 F.2d 1110, 1113 (10th Cir. 1988).  Pre-indictment delay is a matter that receives limited protection under the Due Process Clause of the Fifth Amendment because the relevant statute of limitations is the primary safeguard against possible prejudice resulting from pre-indictment delay.[2] *Johnson*, 120 F.3d at 1110; *Marion*, 404 U.S. at 322. Indeed, most courts of appeals have held that "the sole safeguard against pre-indictment delay is the relevant statute of limitations." *Id.* at 315.

The defendants advance two principal contentions in support of their claim of actual and substantial prejudice: (1) that had they been indicted in a timely manner, they would have the benefit of the largely exculpatory testimony of correctional officer, Floyd Chavez, who was a percipient witness to at least a portion of the altercation involving the defendants and Gregory Joiner, but who died on or about February 17, 2007; and (2) that because of the delay, numerous inmate witnesses are no longer readily accessible or are no longer accessible to them. Beyond *ipse dixit*, neither defendant

---

[2] I take judicial notice that Murder in the First Degree has no statute of limitations, 18 U.S.C. § 3281, and that the other crimes charged are each subject to a five-year statute of limitations, 18 U.S.C. § 3282.

articulates a plausible factual or legal basis for assigning intentional pre-indictment delay to the government.

On March 9, 2010, a three-count Indictment [#1] was filed. Mr. Stewart is charged in Count One with Murder in the First Degree, 18 U.S.C. §§ 1111(a) and 7(3). Mr. Stewart and Mr. Duckett are charged in Count Two with Murder in the Second Degree, 18 U.S.C. §§ 1111(a) and 2(a). Finally, Mr. Duckett is charged in Count Three with Assault Resulting in Serious Bodily Injury, 18 U.S.C. §§ 113(a)(6), 7(3), and 2(a). All three counts charge conduct committed on or about May 26, 2005. Thus, the time between the date of the crimes charged and the date of the filing of the Indictment is nearly five years.

Based on the evidence, I find as follows. First, it remains a matter of speculation, not fact, that this case would have proceeded to trial before correctional officer Chavez was killed on February 17, 2007. Second, it remains a matter of speculation, not fact, that correctional officer Chavez could have testified beyond that which he wrote in his short statement on May 26, 2005, "Witnessed two unidentified black males on K-A side swinging at each other either with closed fists." Third, other percipient witnesses are available to the defendants, including, but not limited to, correctional officer Vail, who arguably observed as much, if not more, of the altercation as did correctional officer Chavez. Finally, there is no evidence – direct or circumstantial – that the government (and/or, for purposes of argument, the BOP) intentionally stalled or gamed the investigation or delayed the presentation of this case to the grand jury to gain a tactical advantage over either defendant.

I conclude ultimately that the defendants have not established by a

preponderance of the evidence that either of them has suffered actual and substantial prejudice caused by the timing of the filing of the Indictment or that any delay in the filing of the Indictment was an intentional device to gain tactical advantage over either defendant. Thus, the motions must be denied.

**THEREFORE, IT IS ORDERED** as follows:

1. That **James Duckett's Motion To Dismiss Due To Delay in Indictment** [#141] filed January 31, 2011, is **DENIED**; and

2. That **Dominic Stewart's Motion To Dismiss - Pre-Indictment Delay** [#148] filed February 1, 2011, is **DENIED**.

Dated September 28, 2011, at Denver, Colorado.

                                        **BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge