**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Criminal Case No. 10-cr-00129-REB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.  DOMINIC D. STEWART, and
2.  JAMES DUCKETT,

      Defendants.

## ORDER DENYING DEFENDANTS' MOTIONS FOR SEVERANCE

Blackburn, J.

      The matters before me are (1) **James Duckett's Motion for Relief From Prejudicial Joinder And for Separate Trial from His Co-Defendant** [#143][1]; and (2) **Dominic Stewart's Motion for Severance of Defendants for Trial** [#146]. The government filed its consolidated response [#166] to both motions. I heard argument on October 26, 2011.[2] I deny the motions.

      In fashioning my ruling I have considered all relevant adjudicative facts in the file and record of this case *pro tanto*. I have considered all relevant evidence educed during the other hearings conducted in this case. I have considered the reasons stated, arguments advanced, and authorities cited by the parties in their papers and during the hearing on October 26, 2011.  I have considered the totality of relevant circumstances.

---

[1]  "[#143]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF).  I use this convention throughout the orders entered in this case.

[2]  The issues raised by and inherent to defendants' motions for severance are briefed and argued adequately, thereby obviating the necessity for an evidentiary hearing or further argument.

Based on the foregoing, I enter the following findings of fact, conclusions of law, and orders denying each defendant's motion for severance.

On March 9, 2010, a three-count Indictment [#1] was filed. Mr. Stewart is charged in Count One with Murder in the First Degree, 18 U.S.C. §§ 1111(a) and 7(3). Mr. Stewart and Mr. Duckett are charged  in Count Two with Murder in the Second Degree, 18 U.S.C. §§ 1111(a) and 2(a).  Finally, Mr. Duckett is charged in Count Three with Assault Resulting in Serious Bodily Injury, 18 U.S.C. §§ 113(a)(6), 7(3), and 2(a). All three counts charge conduct committed on or about May 26, 2005.

The concatenated issues of joinder and severance implicate **FED.  R. CRIM. P. 8(b)** and **14(a)**. Rule 8(b) provides that defendants may be charged together "if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." Defendants do not contend – nor could they – that they are improperly joined. Ordinarily, defendants who are properly joined under Rule 8(b) should be tried together. *See **United States v. Yazzie***, 188 F.3d 1178, 1194 (10th cir. 1999); *accord **United States v. Warner***, 971 F.2d 1189, 1196 (6th Cir. 1992) (collecting cases from various circuits).

Rule 14(a), in turn, permits a district court to grant relief from prejudicial joinder: ". . . if the joinder of offenses or defendants in an indictment . . .  appears to prejudice a defendant or the government, the court may . . . sever the defendants' trials, or provide any other relief that justice requires." Thus, "Rule 14(a) does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." ***Zafiro v. United States***, 506 U.S. 534, 538-39

(1993)(omitting internal citations). Defendants seek severance under Rule 14(a).

Consistent with the law and established preference in the federal system, the government seeks a joint trial of the defendants, who are indicted together.  Joint trials "play a vital role in the criminal justice system." *Richardson v. Marsh*, 481 U.S. 200, 209 (1987). Consequently, courts generally adhere to the principle that those indicted together should be tried together. *See, e.g., United States v. Iiland*, 254 F.3d 1264, 1269-70 (10th Cir. 2001).

Thus, in our federal system there exists a pronounced presumption in favor of joint trials and against severance. Joint trials promote economy and efficiency and serve the interests of justice by avoiding multiple trials and inconsistent verdicts. *Zafiro,* 506 U.S. at 540. This strong presumption in favor of joint trials is designed to conserve judicial resources, alleviate the burdens on citizens serving as jurors, and avoid the necessity of having witnesses reiterate testimony in a series of trials. *United States v. Kennedy*, 819 F.Supp. 1510, 1516 (D.Colo.,1993) (internal quotations and citations omitted). Joint trials also promote efficiency and "serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *Richardson,* 481 U.S. at 210.

Therefore, defendants shoulder the burden to establish prejudice sufficient to warrant severance under Rule 14. *United States v. Price*, 265 F.3d 1097, 1105 (10th Cir. 2001). Defendants must demonstrate also that severance is the only remedy sufficient to ameliorate the prejudice presented by their joint trial. *Zafiro,* 506 U.S. at 538-39.

In *Zafiro* the Supreme Court asseverated several seminal principles governing severance issues: (1) that mutual antagonism and other characterizations of the effort of one defendant to shift the blame from himself to a codefendant neither control nor illuminate the question of severance, *Zafiro*, 506 U.S. at 537; (2) that Rule 14(a) does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion, *Id.*, at 538-39; (3) that a district court should grant a severance under Rule 14(a) only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence, *Id.*, at 539; and (4) that when the risk of prejudice is high, a district court is more likely to determine that separate trials are necessary, but, as the Supreme Court indicated in *Richardson v. Marsh, supra.*, less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice, *Zafiro*, 506 U.S. at 541. With these principles in mind, I undertake now to analyze defendants' specific contentions.

Mr. Duckett asserts without the benefit of concomitant evidence or explication (1) that (unnamed) inmate witnesses who would normally testify for him in a separate trial will not testify for him in a joint trial for fear of being labeled a "snitch," Motion [#143] at 2, ¶ 4; (2) that the evidence against Mr. Stewart is substantially stronger than the evidence against Mr. Duckett, *id.* at ¶ 5; (3) that some statements of Mr. Stewart may be admissible in a joint trial , while others may not, *id.* at ¶ 6; and (4) that the joinder of Mr. Stewart and Mr. Duckett in one trial will substantially prejudice Mr. Duckett, *id.* at ¶ 7. Thus, Mr. Duckett's motion fails immediately for want of circumstantiation. Moreover,

whether testifying at a joint trial or a separate trial, the testimony of inmate witnesses is inevitably likely to favor one defendant over the other; thus, exposing each inmate witness to criticism as a "snitch." Severance will not solve this problem, which is inherent to any trial where inmates testify about events and circumstances involving other inmates. Next, a disparity in the quantity or quality of evidence is not a grounds *ipso facto* for severance. *See **United States v. Williams***, 45 F.3d 1481, 1484 (10th Cir. 1995). In my order resolving Mr. Duckett's **Motion *In Limine***, the statements made by Mr. Stewart that may be admitted in evidence are now known. None of those statements incriminates Mr. Duckett. I conclude ultimately that a joint trial will not prejudice Mr. Duckett.

Mr. Stewart is concerned that specific, but unspecified, statements made by Mr. Duckett will certainly be prejudicial to Mr. Stewart, Motion [#146] at 2, ¶ 6. Although not entirely clear, Mr. Stewart appears to be concerned about ***Bruton***-like statements. *See **Bruton v. United States***, 391 U.S. 123 (1968). However, Mr. Stewart fails to identify a single statement. Furthermore, during the hearing on October 26, 2011, the government represented that it is not seeking to introduce any statements made by Mr. Duckett. Thus, it appears that there are no ***Bruton***-like statements.

In any event, the possibility of a ***Bruton*** issue does not *ipso facto* necessitate severance. *See **Spears v. Mullin***, 343 F.3d 1215, 1235 (10th Cir. 2003); ***United States v. Hill***, 901 F.2d 880, 883 (10th Cir. 1990). The preferred legal palliative is to redact co-defendant statements to excise references to any co-defendant other than the declarant and then issue a prophylactic limiting instruction. *See **Spears***, 343 F.3d at 1231;

*Fowler v. Ward*, 200 F.3d 1302, 1307 (10th Cir. 2000)(citing the seminal Supreme Court case of *Richardson v. Marsh*, 481 U.S. 200, 211 (1987)).

Mr. Stewart continues by asserting further that "[l]imiting instructions will not overcome the prejudice suffered by [Mr. Stewart]." Motion [#146] at 2, ¶ 7.  This argument, which asserts the inefficacy of limiting instructions, is contrary to Tenth Circuit precedent, *see, e.g., United States v. Wacker*, 72 F.3d 1453, 1467 (10th Cir. 1996); *United States v. Edwards*, 69 F.3d 419, 434 (10th Cir. 1995); *United States v. Williams*, 45 F.3d 1481, 1484 (10th Cir. 1995), and is otherwise undeveloped.

Finally, Mr. Stewart points me to the "considerable tension between Mr. Stewart and Mr. Duckett,"Motion [#146] at 2, ¶ 8, illustrated by their physical confrontation before their first appearance before me, *id.* I conclude, as Mr. Stewart concedes, that there is no reason to believe that the marshal service "would not be capable of preventing another similar situation," *id.* Thus, I conclude ultimately that a joint trial will not prejudice Mr. Stewart.

In holding that a district court should grant a severance under Rule 14(a) only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence, *Zafiro*, 506 U.S. at 539, the *Zafiro* court posited several examples of situations that constitute a high risk of prejudice: (1) when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a codefendant; (2) when there is evidence that is probative of a defendant's guilt but technically admissible only against a codefendant;

(3) when there is exculpatory evidence that would be available to a defendant tried alone but is unavailable in a joint trial. *Id*. In the context of the prejudice producing examples posited by the Supreme Court in ***Zafiro***, I find no such instance in our case. Specifically, I find no instance where either defendant will be deprived of the opportunity to present in a joint trial all relevant and competent evidence, including, *a fortiori*, allegedly exculpatory evidence that he could present in a severed trial.

Further, I find and conclude that there is no serious risk that a joint trial would compromise a specific trial right of any one of the defendants.  A joint trial will not prevent any of the defendants from fully realizing and exercising the full panoply of salutary and prophylactic constitutional rights commonly identified as within the due process penumbra of rights necessary to a fair trial, including (1) the absolute right to a presumption of innocence; (2) the right to participate in the jury selection process through challenges for cause and exercise of peremptory challenges; (3) the right to require the government to establish, if it can, each essential element of each crime charged by proof beyond a reasonable doubt; 94) the right to vigorously confront and survigrously cross examine all witnesses and evidence presented; (5) the right to testify or to remain silent as the defendant chooses (after consultation with counsel); (6) the right to call witnesses and present evidence, even if indigent, including the right to compel the attendance of witnesses by subpoena; (7) the right to participate in the formulation of condign jury instructions; (8) the right to require that separate consideration be given to each individual defendant and to each separate charge against him; and (9) the right to have the defendant's case determined from his own

conduct and from the evidence applicable to him. No specific trial right is implicated or inquinated by a joint trial of these codefendants.

Similarly, I find and conclude that a joint trial will not prevent the jury from making a reliable judgment about guilt or innocence. *Id*. To the contrary, a joint trial likely will maximize the relevant evidence made available to the jurors in the discharge of their solemn duties. A joint trial in the circumstances and context of this case and these defendants will accrue all the benefits historically associated with joint trials and simultaneously enhance the ascertainment of the truth to the benefit of all parties in interest. A joint trial is the best means to achieve the goal of a reliable judgment about guilt or innocence. On this record the optimum milieu for the ascertainment of the truth is a joint trial.

I conclude ultimately that neither Mr. Stewart nor Mr. Duckett has sustained his burden to establish irreparable prejudice absent severance. Thus, defendants' motions for severance should be denied.

**THEREFORE, IT IS ORDERED** as follows:

1. That **James Duckett's Motion for Relief From Prejudicial Joinder And for Separate Trial from His Co-Defendant** [#143] **IS DENIED**; and

2. That **Dominic Stewart's Motion for Severance of Defendants for Trial** [#146] **IS DENIED**.

Dated December 15, 2011, at Denver, Colorado.

BY THE COURT:

Bob Blackburn

Robert E. Blackburn
United States District Judge

-8-