IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Criminal Case No. 10-cr-00129-REB-01

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. **DOMINIC STEWART**, and
2. JAMES DUCKETT,

    Defendant.

## ORDER DENYING DEFENDANT STEWART'S MOTION TO CONTINUE TRIAL

**Blackburn, J.**

This matter is before me on **Dominic Stewart's Renewed Motion for an Ends of Justice Continuance Pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii) and (iv)** [#369][1] filed February 6, 2012. On February 8, 2012, I held a hearing on this motion. This written order memorializes, confirms, and supplements the findings of fact, conclusions of law, and orders entered from the bench during the hearing.

The government does not oppose the motion. When the motion was filed, defendant James Duckett, then represented by counsel, opposed the motion. Mr. Duckett is now *pro se*. At the hearing on February 8, 2012, I asked Mr. Duckett if he took a position in support of or opposition to Mr. Stewart's motion. Mr. Duckett responded that he is ready to proceed to trial as set, which response I construe as an

---

[1] "[#369]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

objection to the motion to continue.

Although Mr. Stewart brings his motion under the Speedy Trial Act of 1974, the motion implicates the viability of the trial now set to commence February 21, 2012. In determining a request that is tantamount to a request to continue a trial, the Tenth Circuit has established the following relevant factors:

> [1] the diligence of the party requesting the continuance; [2] the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; [3] the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance: [and] [4] the need asserted for the continuance and the harm that [defendant-movant] might suffer as result of the district court's denial of the continuance.

**United States v. Rivera**, 900 F.2d 1462, 1475 (10th Cir. 1990) (quoting **United States v. West**, 828 F.2d 1468, 1470 (10th Cir. 1987)). The fourth and final factor is "by far the most important." *Id.* at 1476. On balance these factors weigh against a continuance.

Mr. Stewart's request implicates also the Speedy Trial Act of 1974, codified at 18 U.S.C. §§ 3161-3174. Specifically, the request implicates 18 U.S.C. § 3161(h) which provides, in relevant part:

> The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:
>
> . . . .
>
> (7)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

2

The Speedy Trial Act is "designed to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in ensuring prompt criminal proceedings." *United States v. Hill*, 197 F.3d 436, 440 (10th Cir. 1999). It requires that a criminal defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later. *See* 18 U.S.C. § 3161(c)(1); *United States v. Lugo*, 170 F.3d 996, 10001 (10th Cir. 1999). Certain periods of delay are excluded and do not count toward the 70-day limit. *See* 18 U.S.C. § 3161(h)(1)-(9). Specifically, "the Act excludes any period of delay 'resulting from a continuance granted by any judge . . . on the basis of its findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" *Hill*, 197 F.3d at 440-441 (10th Cir. 1999) (quoting 18 U.S.C. § 3161(h)(7)(A)).

In order for a continuance to qualify as an excludable "ends-of-justice" continuance under section 3161(h)(7)(A), certain prerequisites must be satisfied. *Id.* at 441. The factors specified at 18 U.S.C. § 3161(h)(7)(B)(i) - (iv) are the key factors that must be considered in determining whether an "ends-of-justice" continuance should be granted.

After considering these factors, I must then set forth, "in the record of the case, either orally or in writing, [my] reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.,* § 3161(h)(7)(A). Although my findings "'may be entered on the record after the fact, they may not be made after the fact.'" *Hill*, 197 F.3d at 441 (quoting *United States v. Doran*, 882 F.2d 1511, 1516 (10th Cir.1989)). "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be

3

prospective, not retroactive[.]'" *Id.* (quoting *Doran*, 882 F.2d at 1516). I have discharged these duties.

In addition, I continue to be sensitive to and mindful of the teachings of relevant caselaw, including the principles and holdings in **United States v. Williams**, 511 F.3d 1044 (10th Cir. 2007); **United States v. Toombs**, 574 F.3d 1262 (10th Cir. 2009); **United States v. Larson**, 627 F.3d 1198 (10th Cir. 2010); **Bloate v. United States**, – U.S. –. 130 S.Ct. 1345, 176 L.Ed.2d 54 (2010); and **United States v. Tinklenberg**, – U.S. –, 131 S.Ct. 2007, 179 L.Ed.2d 1080 (2011). I have applied the teachings of this body of caselaw to my analysis of the instant motion.

Trial in this case is set to begin on February 21, 2012. Mr. Stewart "specifically moves to exclude a minimum of sixty days and a maximum of ninety days from the speedy trial calculation." *Motion* [#369] at 1. Granting Mr. Stewart's motion for an ends of justice continuance would require a continuance of the trial. The principal basis for Mr. Stewart's motion is his contention that his counsel have not been able to interview several witness that will or may be able to present relevant testimony at trial.

On October 31, 2011, Mr. Stewart filed a similar motion [#314] for an ends of justice continuance. In that motion Mr. Stewart, argued that he needed additional time to interview a witness referred to as the "mystery witness" and a witness who has been mentioned in discovery but whose location could not be determined by traditional investigative methods. *Motion* [#314] at ¶¶ 4 - 5. According to Mr. Stewart, this witness was still in the custody of the Bureau of Prisons (BOP), but the witness could not be located through the BOP website. *Id.*, ¶ 5. Mr. Stewart sought additional time to ensure that his counsel had an opportunity to interview these witnesses before trial. In an order [#334] filed December 30, 2011, I denied the motion. Having considered the

4

motion and the record made at a hearing on the motion, I concluded that it was reasonable to expect adequate and effective preparation for remaining pretrial proceedings and for trial within the time limits then applicable to this case.

In his present motion [#369], Mr. Stewart contends again that he needs additional time before trial to interview prospective witnesses. The witnesses described in paragraphs four, seven, and nine of Mr. Stewart's motion are on the government's will call witness list. In addition, a witness described in paragraph thirteen of the motion, who previously said he would speak to defense counsel after his release from prison, is also on the government's will call witness list. These four witnesses will be present in the courthouse during the trial. One of these four witnesses is reported to have vanished from the BOP inmate locator website. Presumably, this is the same witness who was reported in Mr. Stewart's October 31, 2011, motion to have vanished from the BOP website.

In this order, I will order that counsel for Mr. Stewart be given a reasonable opportunity to attempt to interview the four witnesses who are on the government's will call witness list. These witnesses are specified in paragraphs four, seven, and nine, and thirteen of Mr. Stewart's motion [#369]. The opportunity to interview each of these witnesses shall be afforded to Mr. Stewart's counsel before each such witnesses presents testimony at the trial in this case. A brief but reasonable opportunity to attempt to interview these witnesses prior to their testimony will vanguard adequately Mr. Stewart's ability to address the evidence presented by the government and to present his own evidence, if he chooses to do so. Thus, the need to interview the four will call witnesses discussed in Mr. Stewart's motion is not a basis on which a continuance may be granted.

5

In his motion Mr. Stewart cites three additional witnesses who are incarcerated currently. First, in paragraph five of his motion, Mr. Stewart describes a witness who has communicated to Mr. Stewart's counsel that the witness is afraid of recrimination from the BOP if the witness testifies for Mr. Stewart. Second, in paragraph six of his motion, Mr. Stewart describes a witness with whom Mr. Stewart's counsel sought an interview in November, 2011. That interview was canceled because BOP staff reported to Mr. Stewart's counsel that the inmate refused to speak with Mr. Stewart's counsel. Mr. Stewart's counsel questions the veracity of this report. Third, in paragraph eight of his motion, Mr. Stewart cites the "mystery witness."

The "mystery witness" was dicussed in Mr. Stewart's October 31, 2011, motion. The government has told Mr. Stewart's counsel that the government will not call the "mystery witness" at trial and that this witness pertains only to the government's case against Mr. Duckett. Mr. Stewart wishes to interview this witness to be sure this witness does not have information that might be material to Mr. Stewart.

In addition, Mr. Stewart seeks time to interview two or three witnesses who are former BOP inmates and who now are on supervised release. These witnesses are described in paragraph thirteen of the motion. While incarcerated, one of these witnesses told Mr. Stewart's counsel that the witness would meet with counsel after the witness was released from prison in January, 2012. *Motion*, ¶ 7, 13. This witness is on the government's will call witness list. *Id.* ¶ 7. The other two witnesses described in paragraph thirteen of the motion are not on the government's will call witness list. Counsel for Mr. Stewart will have a reasonable opportunity to attempt to interview the government's will call witnesses when those witnesses are present in the courthouse during the trial before those witnesses testify at trial.

Thus, Mr. Stewart's present motion turns on the need of Mr. Stewart's counsel to interview the incarcerated witnesses described in paragraphs five, six, and eight of Mr. Stewart's motion and the one or two witnesses on supervised release described in paragraph thirteen of the motion. These witnesses are not on the government's will call witness list. Addressing all of the witnesses listed in the motion, Mr. Stewart states that the witnesses all are either eyewitnesses, presumably to the key event in this case, or rebuttal witnesses to the government's case. *Motion*, ¶ 15. Beyond that, Mr. Stewart does not describe in his motion to what extent, if any, each of these witnesses have or may have unique, non-cumulative evidence to present on any issue that is controverted in this case.

During the February 8, 2012, hearing on the motion, I conducted a portion of the proceeding ex parte. During that ex parte portion of the hearing, only the court, Mr. Stewart, his counsel, the court reporter, the courtroom deputy clerk, and the deputy United States Marshals providing security were present in the courtroom. During the ex parte portion of the hearing, counsel for Mr. Stewart presented a more detailed recitation of his argument about his need for additional time to interview certain additional witnesses. I have considered that argument and the relevant circumstances discussed during the ex parte portion of the hearing. However, I conclude that those circumstances do not establish a need for a continuance of the trial to provide Mr. Stewart's counsel additional time to interview certain witnesses prior to trial.

Finally, counsel for Mr. Stewart notes that Mr. Stewart himself was not given access to discovery provided by the government until January 24, 2012. *Motion*, ¶ 10. Nothing in the motion, however, indicates why this fact requires that the trial be continued or that Mr. Stewart should be granted additional time to review discovery.

7

I have considered carefully each of the relevant factors as stated in ***United States v. Rivera***, 900 F.2d 1462, 1475 (10th Cir. 1990) (quoting ***United States v. West***, 828 F.2d 1468, 1470 (10th Cir. 1987)). I find that, on balance, they do not weigh in favor of a continuance of the trial.

First, I conclude that counsel for Mr. Stewart has been reasonably diligent in attempting to interview the witnesses in question. Thus, this first factor does not undermine the request for a continuance of the trial.

Second, I find, however, that there is little or nothing in the record that indicates that a continuance for the purpose of interviewing the witnesses in question would accomplish the purpose underlying Mr. Stewart's request for a continuance. As discussed above, counsel for Mr. Steward will be given a reasonable opportunity to attempt to interview each of these witnesses before each such witnesses presents testimony at the trial in this case. To the extent defense counsel may choose to seek, and is granted, a writ requiring the presence at trial of other witnesses, the court will make reasonable accommodations for defense counsel to interview those witnesses before they testify. Further, to the extent Mr. Stewart relies on a need to interview the incarcerated witnesses described in paragraphs five, six, and eight of Mr. Stewart's motion, and the one or two witnesses on supervised release described in paragraph 13 of the motion, nothing in the record indicates that these witnesses are material or necessary to an effective defense of Mr. Stewart. To the extent defense counsel may choose to seek, and is granted, a writ requiring the presence at trial of incarcerated witnesses other than witnesses on the government's will call witness list, the court will make reasonable accommodations for defense counsel to attempt to interview those witnesses.

Third, concerning the third *West* factor – the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance – the government does not assert that a continuance would cause it or its witnesses significant inconvenience. However, a continuance of the trial at this relatively late date would essentially leave a three week hiatus in my docket, which time might or might not be useable by worthy litigants who are prepared to proceed in their own matters.[2] . A continuance of the trial in this case for sixty to ninety days would, *per force*, inconvenience other parties, attorneys, and witnesses whose cases must be continued to facilitate a delayed trial in this case. After reviewing and taking judicial notice of my calendar, I note that the first unencumbered three week period of time available on my calendar does not occur until the week of February 4, 2013. A trial setting before then would inconvenience other parties, attorneys, and witnesses in both criminal and civil actions whose cases would have to be continued to facilitate a delayed trial in this case. Thus, the inconvenience to the court, other cases, parties, attorneys, and witnesses is significant.

Fourth, I find and conclude that Mr. Stewart has not shown that he might suffer significant prejudice – let alone irreparable prejudice – if a continuance is denied. Mr. Stewart will have the ability to attempt to interview the government's will call witnesses. To the extent defense counsel may choose to seek, and is granted, a writ requiring the presence at trial of other incarcerated witnesses, the court will make reasonable accommodations for defense counsel to attempt to interview those witnesses. In short, to the extent there is any indication in the record that the witnesses at issue have or may have unique, non-cumulative evidence to present on any issue that is controverted

---

[2] To facilitate the trial as now set in this case, I was forced to transfer trial in 11-cr-00036, **United States v. Powell** to a visiting judge.

in this case, Mr. Stewart's expressed need for additional witness interviews can be accommodated within the deadlines currently extant in this case.

I must address the motion also under the criteria specified in the Speedy Trial Act as codified and construed. I have considered Mr. Stewart's motion, the statements and arguments made by counsel for Mr. Stewart at the February 8, 2012, hearing on the motion, and the record in this case. I have considered carefully the factors at 18 U.S.C. § 3161(h)(7)(B)(i) - (iv). I conclude that Mr. Stewart has not made the specific, particularized showing necessary to meet the high threshold established by the Speedy Trial Act as interpreted by the Tenth Circuit in **Toombs**.[3] That high threshold must be met before any expansion of the deadlines established in the Speedy Trial Act properly may be granted. The record in this case shows that it is reasonable to expect adequate and effective preparation for any remaining pretrial proceedings and for trial within the time limits currently applicable in this case without excluding an additional 60 to 90 days as requested by Mr. Stewart. I conclude ultimately that the ends of justice do not outweigh the interest of the public and Mr. Duckett in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A).

**THEREFORE, IT IS ORDERED** as follows:

1. That **Dominic Stewart's Renewed Motion for an Ends of Justice Continuance Pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii) and (iv)** [#369] filed February 6, 2012, is **DENIED**;

2. That prior to the testimony of the witnesses described in paragraphs four,

---

[3] The fact defendant has requested a continuance does not provide reason in itself to grant the motion. *See Toombs*, 574 F.3d at 1273 ("[D]efense responsibility for continuances does not unwind Speedy Trial Act violations. The Speedy Trial Act was intended not only to protect the interests of defendants, but was also designed with the public interest firmly in mind.") (citation and internal quotation marks omitted).

seven, and nine of Mr. Stewart's motion, which witnesses are on the government's will call witness list, counsel for Mr. Stewart **SHALL BE GIVEN** a reasonable opportunity to attempt to interview each of these witnesses before each such witness presents testimony at the trial in this case;

3. That prior to the testimony of the witness described in paragraph thirteen of the motion, which witness is on the government's will call witness list and previously said he would speak to defense counsel after his release from prison, counsel for Mr. Stewart **SHALL BE GIVEN** a reasonable opportunity to attempt to interview this witness before this witness presents testimony at the trial in this case; and

4. That to the extent counsel for Mr. Stewart may choose to seek, and is granted, a writ requiring the presence at trial of incarcerated witnesses other than witnesses on the government's will call witness list, and if counsel for Mr. Stewart has not previously had a reasonable opportunity to interview such witness, then counsel for Mr. Stewart **SHALL BE GIVEN** a reasonable opportunity to attempt to interview each such witness before each such witness presents testimony at the trial in this case.

Dated February 13, 2012, at Denver, Colorado.

**BY THE COURT:**

/s/ Bob Blackburn
Robert E. Blackburn
United States District Judge