IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Robert E. Blackburn**

Criminal Case No. 10-cr-00129-REB-01

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. DOMINIC D. STEWART,

    Defendant.

## ORDER GRANTING A BRIEF CONTINUANCE OF THE TRIAL

**Blackburn, J.**

This matter is before me on **Defendant Dominic Stewart's Third, Unopposed, Motion for an Ends of Justice Continuance** [#444][1] filed February 15, 2012. On February 16, 2012, I held a hearing on this motion. The government does not oppose the motion. This written order memorializes, confirms, supplements, and explicates the findings of fact, conclusions of law, and orders entered from the bench during the hearing.

Although Mr. Stewart brings his motion ostensibly under the Speedy Trial Act of 1974, seeking a so-called ends of justice continuance under 18 U.S.C. § 3161(h)(7)(A), the motion implicates the viability of the trial now set to commence February 21, 2012. Thus, I must analyze the motion as a motion to continue the trial and as a motion to exclude time under the Speedy Trial Act.

---

[1] "[#444]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

In determining a request that is tantamount to a request to continue a trial, the Tenth Circuit has enunciated the following quadripartite factors:

> [1] the diligence of the party requesting the continuance; [2] the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; [3] the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance: [and] [4] the need asserted for the continuance and the harm that [defendant-movant] might suffer as result of the district court's denial of the continuance.

**United States v. Rivera**, 900 F.2d 1462, 1475 (10th Cir. 1990) (quoting **United States v. West**, 828 F.2d 1468, 1470 (10th Cir. 1987)). The fourth and final factor is "by far the most important." **Id.** at 1476.

Mr. Stewart's request implicates also the Speedy Trial Act of 1974, codified at 18 U.S.C. §§ 3161-3174. Specifically, the request implicates 18 U.S.C. § 3161(h) which provides, in relevant part:

> The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:
> . . . .
>
> (7)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

The Speedy Trial Act is "designed to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in ensuring prompt criminal proceedings." **United States v. Hill**, 197 F.3d 436, 440 (10th Cir. 1999). It

requires that a criminal defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later.  *See* 18 U.S.C. § 3161(c)(1); ***United States v. Lugo***, 170 F.3d 996, 10001 (10th Cir. 1999).  Certain periods of delay are excluded and do not count toward the 70-day limit. *See* 18 U.S.C. § 3161(h)(1)-(9).  Specifically, "the Act excludes any period of delay 'resulting from a continuance granted by any judge . . . on the basis of its findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" ***Hill***, 197 F.3d at 440-441 (10th Cir. 1999) (quoting 18 U.S.C. § 3161(h)(7)(A)).

In order for a continuance to qualify as an excludable "ends-of-justice" continuance under section 3161(h)(7)(A), certain prerequisites must be satisfied.  ***Id.*** at 441.

First, I must consider the following factors listed in section 3161(h)(7)(B):

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act];
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex;
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the

> defendant or the Government continuity of counsel, or would
> deny counsel for the defendant or the attorney for the
> Government the reasonable time necessary for effective
> preparation, taking into account the exercise of due
> diligence.

18 U.S.C. § 3161(h)(7)(B)(i) - (iv).

After considering these factors, I must then set forth "in the record of the case, either orally or in writing, [my] reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.,* § 3161(h)(7)(A). Although my findings "'may be entered on the record after the fact, they may not be made after the fact.'" *Hill*, 197 F.3d at 441 (quoting *United States v. Doran*, 882 F.2d 1511, 1516 (10th Cir.1989)). "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive[.]'" *Id.* (quoting *Doran*, 882 F.2d at 1516). I have discharged these duties.

In addition, I continue to be sensitive to and mindful of the teachings of relevant caselaw, including the principles and holdings in *United States v. Williams*, 511 F.3d 1044 (10th Cir. 2007); *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009); *United States v. Larson*, 627 F.3d 1198 (10th Cir. 2010); *Bloate v. United States*, – U.S. –. 130 S.Ct. 1345, 176 L.Ed.2d 54 (2010); and *United States v. Tinklenberg*, – U.S. –, 131 S.Ct. 2007, 179 L.Ed.2d 1080 (2011). I have applied the teachings of this body of caselaw to my analysis of the instant motion.

The Indictment was filed on March 9, 2010. Originally, trial was set for June 14, 2010. *See* **Trial Preparation Conference Order** [#13] entered April 14, 2010, at 2, ¶ 5. On motion of the defendants, *see* [#25] and [#29], the trial was continued and time was

4

excluded under the Speedy Trial Act. *See* Order [#44] entered May 17, 2010. At the joint request of the parties, additional time was excluded under the Speedy Trial Act. *See* Order [#83] entered September 10, 2010. Once again, at the joint request of the parties, additional time was excluded under the Speedy Trial Act. *See* Order [#132] entered December 20, 2010. Following extensive pretrial litigation, trial was set on December 30, 2011, to commence February 21, 2012. *See* Order [#334] entered December 30, 2011.

The crimes alleged in the Indictment occurred on May 26, 2005. The Indictment was filed on March 9, 2010. Trial in this case is set to commence on February 21, 2012, some five and two-thirds years (81 months) after the alleged events and just short of two years after the filing of the Indictment.

Granting Mr. Stewart's motion for an ends of justice continuance would require a continuance of the trial. The principal basis[2] for Mr. Stewart's motion is the alleged adverse consequences to Mr. Stewart created by the acceptance by Mr. Duckett on February 15, 2012, of a plea agreement that includes a cooperation agreement with the government.[3]

I have considered carefully each of the relevant factors as stated in ***United***

---

[2] I say principal basis, because Mr. Stewart discusses other circumstances in his motion. However, he does not claim that the other circumstances, whether considered individually or collectively, constrain a continuance of the trial. For example, Mr. Stewart contends without any explication that the recent plea of guilty by Mr. Duckett will produce additional discovery under Fed. R. Crim. P. 16. *See* Motion at 2, ¶ 7. Mr. Stewart asserts that the government has agreed to furnish him with unspecified impeachment evidence of its witnesses. *See id.* at 3, ¶ 12. Finally, the motion describes the medical condition of co-counsel, Francis Simonet. *See id.* at 3-4, ¶¶ 12. However, Mr. Stewart does not claim expressly that these circumstances require a continuance, and he fails to explain why these circumstances necessitate a lengthy continuance.

[3] On February 14, 2012, Mr Duckett filed a **Notice of Disposition** [#439], and on February 15, 2012, I conducted a change of plea hearing during which Mr. Duckett entered a plea of guilty to Count Three of the Indictment pursuant to a plea agreement that also contained a cooperation agreement with the government. I accepted the plea and found Mr. Duckett guilty of the crime charged in Count Three. *See* **Courtroom Minutes** [#447] entered February 15, 2012.

5

*States v. Rivera*, 900 F.2d 1462, 1475 (10th Cir. 1990) (quoting *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987)). On balance, I find that they weigh in favor of only a brief continuance of the trial.

Concerning the first *West* factor – the diligence of the party requesting the continuance – I conclude that Mr. Stewart has not been reasonably diligent in preparing for the possible testimony of Mr. Duckett at trial. Although Mr. Stewart may have indulged the assumption that Mr. Duckett would proceed to trial,[4] Mr. Stewart had no reasonable basis to assume or conclude that Mr. Duckett would not exercise his right to testify at trial. Because Mr. Stewart could not eliminate the possibility of Mr. Duckett testifying at trial, then it was incumbent on Mr. Stewart to prepare accordingly. At a minimum, his preparation should have included analysis of Mr. Duckett's possible, or, at least, likely testimony and consideration of any grounds for impeachment. Any consideration of Mr. Duckett's testimony required Mr. Stewart to prepare for testimony that was self serving to Mr. Duckett and concomitantly inculpatory to Mr. Stewart. Thus, this first factor weighs against a continuance of the trial.

Concerning the second *West* factor – the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance – I find that even though Mr. Stewart did not quantify the length of the requested continuance, if a continuance is warranted at all, only a continuance of one week is reasonably necessary to provide Mr. Stewart with a reasonable opportunity to react to the changed circumstances created by Mr. Duckett's recent plea agreement and cooperation with the government. Although the government represents munificently

---

[4] As I observed during the hearing, there is nothing extraordinary about a codefendant reaching an eleventh hour plea and cooperation agreement with the government. Such a contingency could and should have been considered by Mr. Stewart.

6

that it will make any statements made by Mr. Duckett available to Mr. Stewart before the commencement of trial, I note that Mr. Stewart does not have the right to any such pretrial statements until after Mr. Duckett actually testifies at trial. *See* 18 U.S.C. § 3500(a). With pretrial access to the statements made by Mr. Duckett to the government, an additional week should be ample for Mr. Stewart to prepare cross examination for the probable testimony of Mr. Duckett and to research his criminal history.[5] Thus, this factor weighs in favor of only a brief continuance of the trial.

Third, concerning the third **West** factor – the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance – the government does not assert that a continuance would cause it or its witnesses significant inconvenience.[6] However, a continuance of the trial at this relatively late date would essentially leave a three week hiatus in my docket, which time would not be useable by worthy litigants who are prepared to proceed in their own matters.[7] A continuance of the trial in this case for a period of several weeks or months would, *per force*, inconvenience other parties, attorneys, and witnesses whose cases must be continued to facilitate a delayed trial in this case. After reviewing and taking judicial notice of my calendar, I note that the first unencumbered four to twelve day period of time available on my calendar does not

---

[5] As I advised Mr. Stewart during the hearing, the criminal history of Mr. Duckett is readily available. In fact, I rehearsed his criminal history in the **Order Denying Defendant's Motion for Bond** [#237] entered June 23, 2011, at 2-3, which order was served on Mr. Stewart that same date. Additionally, the government is now required to provide Mr. Stewart with the relevant criminal history of Mr. Duckett under ***Giglio v. United States***, 405 U.S. 150, 92 S. Ct. 763, 31 L. Ed.2d 104 (1972). Experienced defense counsel will need little time to translate that criminal history into cross-examination focused on impeachment.

[6] When I informed the government that I would not reset this case for trial until February, 2013, to my astonishment, the government voiced no objection, even after I noted the probable logistical nightmare inherent to tracking the whereabouts of inmate and quondam inmate witnesses for the next year, given the considerable witness-related problems faced by the parties in preparing for the trial as now set.

[7] To facilitate the trial as now set in this case, I was forced to transfer trial in 11-cr-00036, ***United States v. Powell*** to a visiting judge.

7

occur until March, 2013. A trial setting before then would inconvenience other parties, attorneys, and witnesses in both criminal and civil actions whose cases would have to be continued to facilitate a delayed trial in this case. Thus, the inconvenience to the court, other cases, litigants, lawyers, and witnesses is significant and weighs heavily against a continuance of weeks or months.

Concerning the fourth and preponderant *West* factor – the need asserted for the continuance and the harm that [defendant-movant] might suffer as result of the district court's denial of the continuance – I find and conclude that a continuance of one week is sufficient to effectively extenuate, if not eliminate altogether, any prejudice Mr. Stewart might suffer as a result of the change in circumstances to Mr. Duckett.

Next, I must address the motion under the criteria specified in the Speedy Trial Act as codified and construed. I have considered Mr. Stewart's motion, the statements and arguments made by counsel for Mr. Stewart at the February 16, 2012, hearing on the motion, and the record in this case. To the extent relevant and apposite, I have considered carefully the factors at 18 U.S.C. § 3161(h)(7)(B)(i) - (iv).[8] I conclude that Mr. Stewart has not made the specific, particularized showing necessary to meet the high threshold established by the Speedy Trial Act as interpreted by the Tenth Circuit in *Toombs*.[9] That high threshold must be met before any expansion of the deadlines

---

[8] Only the first and fourth factors are relevant: whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice, 18 U.S.C. § 3161(h)(7)(B)(i); and whether the failure to grant such a continuance would unreasonably deny counsel for the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, 18 U.S.C. § 3161(h)(7)(B)(iv). The second and third factors, which deal with complexity of the case and delays in filing the indictment, respectively, are not relevant. 18 U.S.C. § 3161(h)(7)(B)(ii) and (iii).

[9] To rehearse, the fact defendant has requested a continuance that is not opposed by the government does not provide reason in itself to grant the motion. *See Toombs*, 574 F.3d at 1273 ("[D]efense responsibility for continuances does not unwind Speedy Trial Act violations. The Speedy Trial Act was intended not only to protect the interests of defendants, but was also designed with the public interest firmly in mind.") (citation and internal quotation marks omitted). I take this opportunity to remind

established in the Speedy Trial Act properly may be granted.  It was incumbent on Mr. Stewart to identify each discreet event necessitating an exclusion of a specific amount of time, and then to demonstrate with more than just conclusions why each event warranted the exclusion of the amount of time tethered to the event.  As the court in *Toombs* noted:

> Our decisions in *Williams* and *Gonzales* indicate that the record, which includes the oral and written statements of both the district court and the moving party, must contain an explanation of why the mere occurrence of the event identified by the party as necessitating the continuance results in the need for additional time. *Williams*, 511 F.3d at 1058; *Gonzales*, 137 F.3d at 1434-35. A record consisting of only short, conclusory statements lacking in detail is insufficient. For example, it is insufficient to merely state that counsel is new and thus needs more time to adequately prepare for trial or that counsel or witnesses will be out of town in the weeks preceding trial and therefore more time is needed to prepare for trial. *Williams*, 511 F.3d at 1058; *Gonzales*, 137 F.3d at 1434-35. Simply identifying an event, and adding the conclusory statement that the event requires more time for counsel to prepare, is not enough. *Williams*, 511 F.3d at 1058; *Gonzales*, 137 F.3d at 1434-35.

*Toombs*, 574 F.3d at 1272-1273.

The motion is long on conclusion and short on circumstantiation. Mr. Stewart does not quantify the amount of time that must be excluded to eschew a miscarriage of justice. Neither does he explain in a non-conclusory way why Mr. Duckett's recent plea of guilty requires the exclusion of additional time under the Act. To prepare to cross-examine Mr. Duckett. Mr. Stewart claims that "[d]ocuments have to be sought out, reviewed and analyzed." Motion at 2, ¶ 6. However, Mr. Stewart does not otherwise describe the documents or the purpose of their review and analysis. Similarly, Mr, Stewart contends also that potential witnesses have to be interviewed again concerning their knowledge of Mr. Duckett. *Id*. However, Mr. Stewart neither identifies – even in

---

the government that it is the responsibility of not only the district court, but also the government, to protect the interests of the public by ensuring adherence to the requirements of the Speedy Trial Act. *Id*.

general terms – the number or location of such witnesses nor the basis he has to believe that any such witness has information relevant to Mr. Duckett.[10] Mr. Stewart goes on to state, "The government agrees that Mr. Duckett's plea will produce discovery that is subject to disclosure pursuant to F.R.Crim.P. Rule 16 including, but not limited to, statements attributed to Mr. Stewart which will like [*sic*] constitute admissions." *Id*. at ¶ 7. Mr. Stewart does not otherwise describe the discovery, and he fails to explain how this unspecified discovery warrants more than a brief continuance of the trial.

Even more conclusory are the averments in paragraphs eight and ten of the motion. Paragraph eight avers:

> Given the discussion with the government in the last eighteen (18) hours, the statements from Mr. Duckett will effectively paralyze (at a minimum) the defense that Mr. Stewart has prepared and investigated since the time that Mr. Stewart was indicted - and before. This fact alone will require counsel to review and revise the entire trial strategy. There is not sufficient time to accomplish this task before the scheduled beginning of the trial.

*Id*. at 3, ¶ 8. In similar conclusory fashion, paragraph ten avers:

> At this point, failure to grant an ends of justice continuance would result in a miscarriage of justice. Failure to grant a continuance would deny Mr. Stewart's counsel the time necessary to effectively prepare, taking into account the exercise of due diligence. The ability to effectively prepare and exercise due diligence is substantially and materially affected by Mr. Duckett's change of plea and last minute cooperation with the government.

*Id*. at ¶ 10. Such conclusory statements do not satisfy the requirements of the Act. ***Toombs***, 574 F.3d at 1272-1273.

The record in this case shows that it is reasonable to expect adequate and effective preparation for any remaining pretrial proceedings and for trial with an exclusion of approximately one week. I conclude ultimately that within the meaning of 18

---

[10] Mr. Stewart will have the opportunity to attempt to interview any such witness who will be present for trial.

U.S.C. § 3161(h)(7)(A), the ends of justice do not outweigh the interest of the public and Mr. Stewart in a speedy trial that commences February 27, 2012.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendant Dominic Stewart's Third, Unopposed, Motion for an Ends of Justice Continuance** [#444] filed February 15, 2012, is granted, but only insofar as the relief requested is consistent with the foregoing findings of fact and conclusions of law and the following orders;

2. That the trial by jury now set to commence on Tuesday, February 21, 2012, is continued and shall commence on Monday, February 27, 2012, at 8:30 a.m. (MST);

3. That the court reserves nine (9) days for trial:

    • Monday, February 27, 2012, through Thursday, March 1, 2012;

    • Monday, March 5, 2012, through Thursday, March 8, 2012; and

    • Monday, March 12, 2012, if necessary; and

4. That the extant trial-related orders issued by the court are modified and supplemented to the extent necessary to facilitate and implement these orders.

Done in chambers at Denver, Colorado, February 17, 2012, to confirm, supplement, and explicate the findings of fact, conclusions of law, and orders entered from the bench during the hearing on February 16, 2012.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge