IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 1:10-cr-00129-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    DOMINIC D. STEWART,

    Defendant.

## UNITED STATES' SENTENCING STATEMENT

The United States, through First Assistant United States Attorney Robert C. Troyer and Assistant United States Attorney Susan D. Knox, hereby submits this Sentencing Statement pursuant to D.C.COLO.LCrR 32.1(A)(1).

### I.  STATEMENT OF THE CASE

The Indictment charged defendant Dominic Stewart with murder in the first degree (Count 1) and murder in the second degree and aiding and abetting the same (Count 2). Defendant Stewart entered pleas of not guilty to both counts. A jury trial commenced on February 27, 2012. On March 8, 2012, following deliberation, the jury returned a guilty verdict as to Count 2.

### II.  STATUTORY PENALTIES

The maximum statutory penalties for the count of conviction are as follows:

COUNT 2: Murder in the second degree and aiding and abetting the same, a

violation of 18 U.S.C. §§ 1111(a) and 2(a), is a Class A felony per 18 U.S.C. § 3559(a)(1).  The maximum penalties are life imprisonment; not more than a $250,000 fine, or both; not more than five years supervised release; and a $100 special assessment fee.  Restitution, if applicable, is mandatory pursuant to 18 U.S.C. § 3663A(c)(1)(A)(I).

### III.  STATEMENT OF FACTS

On May 26, 2005, while housed at the Administrative Maximum Institution (ADX) at the Federal Correctional Complex in Florence, Colorado, defendant Stewart instigated a fight with inmate Gregory Joiner.  After the fight began, co-defendant James Duckett assisted defendant Stewart while the latter beat Joiner with his fists.  After Joiner was on the floor and Duckett released him, defendant Stewart continued to punch and then kick Joiner in the head and neck.  Once Joiner lay unconscious on the floor, defendant Stewart repeatedly stomped on Joiner's head with his feet, fracturing Joiner's skull and causing various other injuries to his face, neck, ribs, and head.  He continued to stomp on Joiner's head despite Duckett's repeated attempts to stop him.  On June 1, 2005, Joiner died from the blunt force trauma to his brain that defendant Stewart inflicted on May 26, 2005.

### IV.  ESTIMATED GUIDELINE RANGE

Below is an analysis of the advisory guideline calculation and other factors to be considered at sentencing.  The United States provides this analysis to assist the U.S. Probation Office in its preparation of the Presentence Report (PSR).  The below

analysis is only an estimate; it is not intended to bind the United States, the Probation Office, or the Court.  The United States acknowledges that the Court will make all final advisory guideline calculations and impose a sentence pursuant to 18 U.S.C. § 3553. The United States reserves the right to argue for additional applicable advisory guideline enhancements, not outlined below, if they are discovered prior to sentencing. The United States also reserves the right to request an appropriate departure or variance from the advisory guideline range.

U.S.S.G. § 1B1.11(a) states that, generally, "[t]he court shall use the Guidelines Manual in effect on the date that the defendant is sentenced;" therefore, the <u>2011 Guidelines Manual</u> is applicable to this case.

### COUNT 2 - Second Degree Murder (and Aiding and Abetting)

A. <u>Base Offense Level</u>: Second degree murder,  § 2A1.2(a): **38.**

B. <u>Specific Offense Characteristics</u>: None.

C. <u>Role in the Offense Adjustments</u>: Aggravating Role, § 3B1.1(c)**: + 2.**

D. <u>Adjusted Offense Level</u>: **40.**

E. <u>Acceptance of Responsibility</u>: The defendant should **not** receive any downward adjustment for acceptance of responsibility (§ 3E1.1).  The final offense level therefore is **40.**

F. <u>Criminal History</u>:  The below estimate of defendant Stewart's criminal history is tentative, and his criminal history category will be finally determined by the Court, following investigation by the Probation Office.  Based upon the information

currently available, the United States estimates that defendant Stewart is in **Criminal History Category VI.**

G.   The career offender/criminal livelihood/armed career criminal adjustments **do not** apply.

H.   <u>Imprisonment Range</u>:  The advisory guideline range for imprisonment resulting from the above estimated offense level and the above estimated criminal history category is **360 months - life.** However, with defendant Stewart's criminal history category undetermined at this time, the offense level estimated above could conceivably result in an imprisonment range of 292 months (bottom of Criminal History Category I) to life (top of Criminal History Category VI).

I.   <u>Fine Range</u>: Pursuant to § 5E1.2, assuming the estimated offense level above, the fine range for this offense is **$25,000 - $250,000,** plus applicable interest and penalties.

J.   <u>Supervised Release Range</u>: Pursuant to § 5D1.2, the term of supervised release is **at least two (2) years, but not more than five (5) years**.

K.   Pursuant to § 5G1.3(a), the term of imprisonment imposed on defendant Stewart in this case should run consecutively to the undischarged term of imprisonment he is currently serving.

## V. ANALYSIS OF § 3553(a) FACTORS

1.   <u>Nature and circumstances of offense and history and characteristics of defendant.</u>  Defendant Stewart committed an extraordinarily violent act that killed his

victim.  He did so despite his incarceration at the ADX.  He did so despite Duckett's repeated attempts to stop him.  He did so despite the incentives provided by the ADX Step-down Program to obey prison rules and the laws of the United States.  Defendant Stewart's offense conduct was consistent with his repeated history of violence, both as a free man and as a federal inmate, including his prior convictions for various crimes of violence like second degree murder while armed.

  2. <u>Seriousness of offense, respect for law, just punishment, deterrence, public protection, and correctional treatment</u>.  In committing second degree murder while in the ADX Step-down Program, defendant Stewart proved his complete disrespect for the law.  His contempt for the law confirms his need for correctional treatment and the need to protect the public from him.  Given the nature of his offense and his history, a life sentence is both just and appropriate to deter such behavior in the future.

  3. <u>Advisory guidelines sentencing range</u>.  The United States estimates that the advisory guideline range for imprisonment is 360 months to life.

  4. <u>Sentencing disparity</u>.  A life sentence for second degree murder committed in the manner it was here is not disparate.  Such a sentence is expressly provided for in both the charging statute and the advisory guidelines.  Such a sentence treats defendant Stewart no more or less harshly than others with similar histories who have committed the same offense.

For the above reasons, the United States recommends a sentence of life imprisonment.

The United States reserves the right to file objections, corrections, additions or other appropriate responses to the PSR pursuant to §§ 6A1.2(b) and 6A1.3(a) and D.C.COLO.LCrR32.1(B).

Respectfully submitted this 27th day of March, 2012.

        JOHN F. WALSH
        United States Attorney

By:   *s/Robert C. Troyer*
       ROBERT C. TROYER
       First Assistant United States Attorney
       SUSAN D. KNOX
       Assistant United States Attorney
       1225 Seventeenth Street, Suite 700
       Denver, Colorado 80202
       Telephone: (303) 454-0100
       Facsimile: (303) 454-0406
       Email: Robert.Troyer@usdoj.gov
       Email: Susan.Knox@usdoj.gov

       ATTORNEYS FOR THE UNITED STATES

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of March, 2012, I electronically filed the foregoing **UNITED STATES' SENTENCING STATEMENT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

**Thomas James Hammond**
  Email: Hammondlaw@solucian.com

**Frances Ethel Simonet**
  Email: SimonetLaw@gmail.com

**Frank E. Moya**
  Email: USAfrankmoya@aol.com

I hereby certify that I have mailed or served the document to the following in the manner (U.S. Mail, hand deliver, etc.) as indicated by the name:

**Jan Woll (Probation Officer)**
  Email: Jan_Woll@cod.uscourts.gov

By: *s/Debbie Azua-Dillehay*
DEBBIE AZUA-DILLEHAY
Legal Assistant
1225 Seventeenth Street, Suite 700
Denver, Colorado  80202
Telephone: 303-454-0100
Facsimile:  303-454-0403
Email: Debbie.Azua-Dillehay@usdoj.gov